NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JONATHON DREW BISCHOF, *Petitioner/Appellant*,

*v.*

JESSICA MARIE PELLASCIO, *Respondent/Appellee*.

No. 1 CA-CV 25-0198 FC

FILED 05-06-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-050407
The Honorable Cassie Bray Woo, Judge

**DISMISSED**

COUNSEL

Becker Zarling & Smith Law, Avondale
By Gina M. Becker-Zarling, Sara Smith
*Counsel for Petitioner/Appellant*

The Law Office of Robert Casey, Phoenix
By Robert Ian Casey
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

¶1        Jonathon Bischof ("Father") appeals from the superior court's January 2025 order ("January Order") that resolved (1) Jessica Pellascio's ("Mother") petition to enforce the parties' 2018 dissolution decree and (2) his petition to terminate or modify child support under that decree. Father's opening brief, however, only raises issues arising out of a later superior court order from which he didn't appeal. As a result, we dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2018, Father and Mother divorced in Guam under a dissolution decree resolving custody, property division, and spousal and child support. Several years later, Mother registered the decree in Arizona. Mother then petitioned to enforce the decree because of Father's alleged failure to pay child and spousal support. She also requested that Father be held in contempt. Father filed his own petition to terminate or modify spousal support.

¶3        After an evidentiary hearing, the superior court entered the January Order. That order: (1) entered judgment against Father for $423,281.23 in spousal support and property settlement arrears; (2) denied Mother's request that the superior court hold Father in contempt; (3) denied Father's petition to terminate or modify spousal support; (4) declined to issue "any ruling on enforcement of child support" because that issue wasn't "pending"; (5) denied both parties' fee requests; and (6) certified the order as a final judgment under Arizona Rule of Family Law Procedure 78(c).

¶4        Both Father and Mother timely appealed. After appealing, Mother also moved for reconsideration of the January Order under Rule 35.1. The superior court dismissed her motion for lack of jurisdiction. We then stayed the appeal and revested jurisdiction in the superior court to allow it to consider a motion for reconsideration. Mother re-filed her motion

and Father responded. After considering the briefing, the superior court granted in part and denied in part Mother's motion ("April Order").

¶5 In the April Order, the superior court explained it "erroneously neglected to address child support arrears" in the January Order and entered judgment against Father for $32,480. The superior court also held Father in contempt for failing to pay child support, reaffirmed an order entered a year before awarding Mother $25,000 in advance attorneys' fees, and certified the order as a final judgment.

¶6 Mother then dismissed her appeal. Father didn't appeal the April Order.

## DISCUSSION

¶7 Our consideration of Father's appeal begins and ends with our independent duty "to examine whether jurisdiction exists." *Matter of Hernandez v. Athey*, 256 Ariz. 530, 532 ¶ 3 (App. 2023) (citations omitted). We "only acquire[] jurisdiction over those matters identified in a timely filed notice of appeal." *In re Marriage of Thorn*, 235 Ariz. 216, 218 ¶ 5 (App. 2014). And a notice of appeal must "designate the judgment or portion of the judgment from which the party is appealing." Ariz. R. Civ. App. P. ("ARCAP") 8(c).

¶8 The problem here is straightforward: Father's notice of appeal designates only the January Order as the judgment from which he appeals, yet Father makes no arguments challenging the January Order. Instead, his opening brief challenges the April Order from which he didn't appeal. If Father wanted us to review the April Order, he needed to file a timely notice of appeal from *that* ruling. *See* ARCAP 9(a). He didn't. The April Order is thus not properly before us. *See In re Marriage of Thorn*, 235 Ariz. at 218 ¶ 5.

**CONCLUSION**

**¶9**        Because we lack jurisdiction to review the April Order, we dismiss. Father and Mother both seek attorneys' fees and costs under A.R.S. § 25-324. We deny both fee requests in the exercise of our discretion. We award Mother her costs subject to her compliance with ARCAP 21(b).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR